United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ron Von Paulus, Plaintiff ) <br> ) <br> v.                                         ) <br> ) <br> Real Green Systems, LLC,  ) <br> Defendant                      ) | Civil Action No. 20-23819-Civ-Scola |

### First Amended Scheduling Order

This matter is before the Court upon the parties' joint motion to modify scheduling order. Having reviewed the motion, the Court **grants** the parties' joint motion. (**ECF No. 25**.) The remaining pre-trial deadlines and trial date are re-set, as detailed below.

This action is re-set for trial during the two-week trial period beginning on **August 2, 2021**. Calendar call will be held at 9:00 a.m. on the **preceding Tuesday, July 27, 2021**, at the Wilkie D. Ferguson, Jr. United States Courthouse, 400 N. Miami Avenue, Courtroom 12-3, Miami, Florida. A pretrial conference will be held immediately following calendar call only if requested by the parties in advance.

1. The parties must comply with the following schedule:

| | |
|---|---|
| Passed | Deadline to join additional parties or to amend pleadings. |
| February 11, 2021 | Deadline to file joint interim status report. <br><br> Deadline to file Proposed Order Scheduling Mediation, setting forth the name of the mediator, and the date, time, and location of the mediation, consistent with the Order of Referral to Mediation (*See* ECF No. 13). |
| March 19, 2021 | Deadline to complete all fact discovery. <br><br> Deadline to submit joint notice indicating whether the parties consent to jurisdiction before the designated magistrate judge for purposes of final disposition. <br><br> Deadline to exchange expert witness summaries/reports pursuant to Federal Rule of Civil Procedure 26(a)(2). Rebuttal disclosures are permitted, and must conform to the deadline set forth in Federal Rule of Civil Procedure 26(a)(2)(D)(ii). <br><br> (When a treating physician testifies regarding opinions formed and based upon observations made during the course of treatment, the treating physician need not produce a Rule 26(a)(2)(B) report. By |

|  | contrast, treating physicians offering opinions beyond those arising from treatment are experts from whom full Rule 26(a)(2)(B) reports are required. *See*, *Muzaffarr v. Ross Dress for Less, Inc.*, No. 12-61996-CIV, 2013 WL 3850848, at *1 (S.D. Fla. July 26, 2013).) |
|---|---|
| April 1, 2021 | Deadline for the filing of all dispositive motions. |
| April 15, 2021 | Deadline to complete mediation, consistent with the Order of Referral to Mediation (*See* ECF No. 13). |
| May 5, 2021 | Deadline to complete all expert discovery. |
| June 1, 2021 | Deadline for the filing of pretrial motions, including motions in limine and *Daubert* motions. |
| July 5, 2021 | Deadline to file joint pretrial stipulation under Local Rule 16.1(e) and pretrial disclosures as required by Federal Rule of Civil Procedure 26(a)(3). |
| July 19, 2021 | Deadline to file proposed jury instructions (if the matter is set for a jury trial) or proposed findings of fact and conclusions of law (if the matter is set for a bench trial) consistent with Local Rule 16.1(k). |

2. <u>Interim Joint Status Report</u>. The parties are required to submit an interim joint status report addressing the following issues:

   a) Have all defendants been served? If not, state the reasons.

   b) Have all defendants responded to the complaint? If not, state the reasons.

   c) If this is a class action, has a motion for class certification been filed? If so, what is its status?

   d) Have the parties agreed on and selected a mediator? Have the parties agreed upon a place, date, and time for mediation?

   e) Have the parties engaged in informal settlement negotiations? If not, explain the reasons for the failure to do so. If yes, state the status of such negotiations (*e.g.*, ongoing, impasse, etc.) and the relative prospects for resolution through informal means.

   f) Describe the status of discovery conducted to date, and identify whether the parties reasonably believe that they will be able to complete discovery by the Court's deadline. If not, explain the reasons.

    g) Identify any other issues that the Court should be aware of that may affect the resolution of this matter or the schedule as currently set.

3. <u>References to documents in summary-judgment motions</u>. When a party files a motion for summary judgment, the party must include the ECF number of any exhibits or other documents referred to in the motion or the accompanying statement of material facts (required by Local Rule 56.1). This means that if a document is not already on the record, a party will need to submit a *Notice of Filing* **before** he or she files the summary-judgment motion and the statement of material facts.

4. <u>Limit on motions in limine & *Daubert* motions</u>. Each party is limited to filing one motion in limine and one *Daubert* motion. If a party cannot address his or her evidentiary issues or expert challenges in a 20-page motion, leave to exceed the page limitation will be granted upon a showing of good cause. The parties are reminded that motions in limine and *Daubert* motions must contain the Local Rule 7.1(a)(3) pre-filing conference and certification.

5. <u>Jury Instructions</u>. The parties must submit their proposed jury instructions jointly, though they need not agree on each proposed instruction. Where both parties agree on a proposed instruction, that instruction must be set out in regular typeface. Instructions proposed only by a plaintiff must be underlined. Instructions proposed only by a defendant must be bold-faced. Every instruction must be supported by a citation of authority. The parties should use as a guide the Eleventh Circuit Pattern Jury Instructions for Civil Cases, including the directions to counsel, or the applicable state pattern jury instructions. The parties must jointly file their proposed jury instructions via CM/ECF, and must also submit their proposed jury instructions to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

6. <u>Trial Exhibits</u>. All trial exhibits must be pre-marked. Plaintiff's exhibits must be marked numerically with the letter "P" as a prefix. Defendant's exhibits must be marked alphabetically with the letter "D" as a prefix. A list setting out all exhibits must be submitted at the time of trial. This list must indicate the pre-marked identification label (*e.g.*, P-1, or D-A) and must also include a brief description of the exhibit.

7. <u>Deposition Designations</u>. Any party intending to use deposition testimony as substantive evidence must designate by line and page reference those portions in writing. The designations must be served on opposing counsel and filed with the Court 14 days before the deadline to file the joint pretrial stipulation. The adverse party must serve and file any objections and any

cross-designations within seven days. The initial party then has seven days to serve and file objections to the cross-designations.

8. <u>Voir Dire Questions</u>. The Court will require each prospective juror to complete a brief written questionnaire prior to the commencement of questioning in the courtroom. Any party may submit up to five proposed, case-specific questions to be included in the questionnaire. The proposed questions must be filed with the Court at the time of the filing of the joint pretrial stipulation, and must also be submitted to the Court via e-mail at scola@flsd.uscourts.gov in Word format (.doc).

9. <u>Notification of juror misconduct</u>. Every party has an affirmative duty to notify the Court **immediately** of any possible juror misconduct or any information that might possibly reflect on a juror's ability to serve. Immediate notification is required to allow the Court the opportunity to address the issue, including questioning the juror and, if necessary, discharging the juror and seating an alternate juror. In any trial lasting more than five days, the Court imposes an affirmative duty on both sides to conduct all reasonable investigations of juror misconduct, including statements provided during voir dire, and to advise the Court immediately of any discovered misconduct. Any party who fails to conduct a reasonable investigation in this situation and later discovers an incidence of juror misconduct has waived his, her, or its right to rely on that misconduct in a motion before this Court.

10. <u>Settlement Conference Before Magistrate Judge</u>. The parties may, at any time, file a motion requesting a settlement conference before United States Magistrate Judge Edwin G. Torres. The Court encourages the parties to consider a confidential settlement conference with Judge Torres, especially if the parties believe there is a meaningful chance of reaching an early, amicable resolution of their dispute.

11. <u>Settlement Notification</u>. If this matter is settled, counsel are directed to inform the Court promptly via telephone (305-523-5140) and/or e-mail (scola@flsd.uscourts.gov).

**Done and ordered** at Miami, Florida on January 4, 2021.

_____
Robert N. Scola, Jr.
United States District Judge