# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 1:20-cv-23819-RNS

**RON VON PAULUS,**
individually and on behalf of all
others similarly situated,                                    **CLASS ACTION**

      *Plaintiff,*                                              **JURY TRIAL DEMANDED**

v.

**REAL GREEN SYSTEMS, LLC,**

      Defendant.

_____/

## UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND APPLICATION FOR ATTORNEYS' FEES

Plaintiff Ron von Paulus, on behalf of himself and a class of similarly situated persons, and with the consent of Defendant Real Green Systems, LLC ("Defendant"), hereby respectfully requests that the Court grant Final Approval of the Settlement in this matter. Additionally, Class Counsel respectfully request that the Court approve Class Counsel's request for attorneys' fees.

## I.      PROCEDURAL HISTORY

On September 15, 2020, Plaintiff initiated this litigation against Defendant in the United States District Court for the Southern District of Florida, alleging violations of the Telephone Consumer Protection Act ("TCPA"), and seeking, *inter alia,* monetary damages. [DE #1]. On October 30, 2020, Defendant filed a Motion to Dismiss for Failure to State A Claim. [DE #9].  On October 31, 2020, Plaintiff filed an Amended Complaint.  [DE #10].  On November 16, 2020 Defendant filed its Answer and Affirmative Defenses. [DE #15]. The Parties also engaged in extensive formal discovery and multiple depositions have taken place. SalesLoft, Inc. ("SalesLoft"), which is the operator of the technology used to transmit the prerecorded messages

1

in question, was deposed on March 1, 2021 while Defendant's 30(b)(6) representative was deposed on March 4, 2021 and Plaintiff was deposed on March 5, 2021.

With the benefit of such discovery, including call logs and copies of the prerecorded voice message at issue, the Parties scheduled mediation with Steven R. Jaffe of Upchurch Watson White & Max ("Mediator") on March 6, 2021.   After extensive settlement negotiations, the Parties reached a settlement in principle with the help of the Mediator. Declaration of Manuel S. Hiraldo ("Hiraldo Decl."), attached as **Exhibit A**, at ¶ 3. The Parties negotiated and reached agreement regarding fees and costs only after agreeing on all other material terms of the Settlement. *Id.* at ¶ 5.

Plaintiff filed his Unopposed Motion for Preliminary Approval of Class Settlement on March 8, 2021. [DE #38].  On April 29, 2021, this Court entered an Order Preliminarily Approving Class Action Settlement and Certifying the Settlement Class. [DE #39].

Plaintiff and Class Counsel now request that the Court: (1) grant Final Approval to the Settlement; (2) certify for settlement purposes the Settlement Class, pursuant to Rule 23(b)(3) and (e) of the Federal Rules of Civil Procedure; (3) appoint Plaintiff as Class Representative; (4) appoint as Class Counsel Manuel S. Hiraldo of Hiraldo PA and Michael Eisenband of Eisenband Law PA; (5) award Class Counsel attorneys' fees; and (6) enter Final Judgment dismissing the Action with prejudice.

## II.    MOTION FOR FINAL APPROVAL

### A.  **Summary of the Settlement Terms**

The Settlement terms are detailed in the Agreement filed on April 13, 2021, [DE #38-1], reattached hereto as **Exhibit B**.  The following is a summary of its material terms.

2

### 1.    *The Settlement Class*

The Settlement Class is defined as:

> **All persons within the United States who (1) were left a prerecorded message; (2) on their cellular telephone; (3) by or on behalf of Defendant; (4) using SalesLoft, Inc.'s software; (5) from April 6, 2020 through October 7, 2020.**

Agreement at pg. 9 ¶ GG. The Settlement Class excludes the following: (1) the trial judge presiding over this case; (2) Defendant, as well as any parent, subsidiary, affiliate, or control person of Defendant, and their officers, directors, agents, servants, or employees of Defendant; (3) any of the Released Parties; (4) the immediate family of any such person(s); any Settlement Class Member who has timely opted out of this proceeding; and (6) Plaintiff's Counsel, their employees, and their immediate family.  *Id.*

### 2.    *Monetary Relief*

The Settlement requires Defendant to make available up to **$775,200.00** for the benefit of the Settlement Class.  Agreement at Section LL.  Each Settlement Class Member who submits a timely, valid, complete and verified Claim Form is entitled to recover up to $200.00 payable by check and delivered by First Class Mail.  *Id.* As discussed in detail, *infra* at pgs. 11-14, this amount is a reasonable outcome for the Settlement Class Members given the state of TCPA law at the time settlement was reached.

### 3.    *Class Release*

In exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released Defendant from claims related to the subject matter of the Action. The detailed release language is found in the Agreement at pg. 8 ¶BB; s*ee also* Agreement at pgs. 25-26, Section V.

4.      *Settlement Notice*

The Notice Program was designed to provide the best notice practicable, and was tailored to take advantage of the information Defendant had available about Settlement Class Members. *See* Hiraldo Decl. at ¶ 2. The Notice Program was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, the terms of the Settlement, Class Counsel's Attorneys' Fee application, and their rights to opt-out of the Settlement Class or object to the Settlement. *Id*. The Notices and the Notice Program constituted sufficient notice to all persons entitled to notice, and satisfied all applicable requirements of law including, but not limited to, Federal Rule of Civil Procedure 23 and the constitutional requirement of due process.

5.      *Attorneys' Fees and Costs*

Class Counsel are entitled to request attorneys' fees of up to $193,800.00, or approximately 25% of the Settlement Fund.

B.  **Argument**

Court approval is required for settlement of a class action.  Fed. R. Civ. P. 23(e).  The federal courts have long recognized a strong policy and presumption in favor of class settlements and the Rule 23(e) analysis should be "informed by the strong judicial policy favoring settlements as well as the realization that compromise is the essence of settlement."  *In re Chicken Antitrust Litig. Am. Poultry*, 669 F.2d 228, 238 (5th Cir. 1982).  "Settlement agreements are highly favored in the law and will be upheld whenever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits." *In re Nissan Motor Corp. Antitrust Litig.,* 552 F.2d 1088, 1105 (5th Cir. 1977).

The Settlement here is more than sufficient under Rule 23(e) and Final Approval is warranted.

1.      ***Notice was the Best Practicable and was Reasonably Calculated to Inform the Settlement Class of its Rights.***

The Notice Program consisted of three different components: (1) Email Notice; (2) Mail Notice; and (3) Website Notice. Agreement at III.B.

The Notice Program as ordered by the Court—was timely and properly accomplished.  *See* Declaration of Janeth Antonio re: Notice Procedures ("Antonio Decl."), attached as **Exhibit C**, at ¶8. The Notice Administrator received data from Defendant that identified a combination of names and/or last known addresses and/or email addresses of 3,880 unique telephone numbers.  Antonio Decl. at ¶ 6. Based on the data available, the Notice Administrator sent Mail Notice to 3,907 unique mailing addresses for the 3,880 unique telephone numbers. *Id.*

The Administrator also established and continues to maintain a toll-free telephone number at 1-866-854-4923. *Id.* ¶ 12. Eligible Class Members can call and obtain information about the Settlement or request a Claim Form and Long-Form Notice. *See id.* The telephone hotline became operational by or around May 3, 2021 and is accessible 24 hours a day, 7 days a week.  *Id.*

This Court-approved Notice Program and the Notices used satisfy due process requirements because they described "the substantive claims . . . [and] contain[ed] information reasonably necessary to make a decision to remain a class member and be bound by the final judgment."  *In re Nissan Motor Corp. Antitrust Litig.*, 552 F.2d at 1104-05.  The Notice Program, among other things, defined the Settlement Class, described the release provided to Defendant under the Settlement, as well as the amount and proposed distribution of the Settlement proceeds, and informed Settlement Class Members of their right to opt-out or object, the procedures for doing so, and the time and place of the Final Approval Hearing. It also notified Settlement Class Members that a final judgment would bind them unless they opted-out and told them where they could get more information – for example, at the Settlement Website that has a copy of the

Agreement and other important documents. Further, the Notices described Class Counsel's intention to seek attorneys' fees and expenses of up to $193,800.00. Hence, Settlement Class Members were provided with notice that was "reasonably calculated, under [the] circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314-15 (1950)).

As of June 2, 2021, the Settlement Administrator had received ***no requests for exclusion*** and ***no objections*** to the Settlement had been filed. Antonio Decl. at ¶¶ 14-15.  The opt-out period ends on June 28, 2021 and objection period ends on June 28, 2021.

## 2. The Settlement Should Be Approved as Fair, Adequate and Reasonable.

In deciding whether to approve the Settlement, the Court will analyze whether it is "fair, adequate, reasonable, and not the product of collusion." *Leverso v. Southtrust Bank*, 18 F.3d 1527, 1530 (11th Cir. 1994); *see also Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).  A settlement is fair, reasonable and adequate when "the interests of the class as a whole are better served if the litigation is resolved by the settlement rather than pursued." *In re Lorazepam & Clorazepate Antitrust Litig.*, MDL No. 1290, 2003 WL 22037741, at *2 (D.D.C. June 16, 2003) (quoting *Manual for Complex Litigation (Third)* § 30.42 (1995)).  Importantly, the Court is "not called upon to determine whether the settlement reached by the parties is the best possible deal, nor whether class members will receive as much from a settlement as they might have recovered from victory at trial." *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) (citations omitted).

The Eleventh Circuit has identified six factors to be considered in analyzing the fairness, reasonableness and adequacy of a class settlement under Rule 23(e):

(1)     the existence of fraud or collusion behind the settlement;

(2)     the complexity, expense, and likely duration of the litigation;

(3)     the stage of the proceedings and the amount of discovery completed;

(4)     the probability of the plaintiffs' success on the merits;

(5)     the range of possible recovery; and

(6)     the opinions of the class counsel, class representatives, and the substance and amount of opposition to the settlement.

*Leverso*, 18 F.3d at 1530 n.6; *see also Bennett*, 737 F.2d at 986.  The analysis of these factors set forth below shows this Settlement to be fair, adequate and reasonable.

### a.     There Was No Fraud or Collusion.

The contested nature of the proceedings in this Action demonstrates the absence of fraud or collusion behind the Settlement.  *See, e.g.*, *In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1329 n.3 (S.D. Fla. 2001); *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 693 (N.D. Ga. 2001) (court had "no doubt that this case has been adversarial, featuring a high level of contention between the parties"). Plaintiff and the Settlement Class were represented by counsel throughout the negotiations and reached an agreement through the aid of the Mediator on March 6, 2021. Hiraldo Decl. ¶¶ 3-6. Furthermore, the Parties negotiated and reached agreement regarding fees and costs only after agreeing on all other material terms of the Settlement. Hiraldo Decl. ¶ 5.

### b.     The Settlement Will Avert Years of Complex and Expensive Litigation.

The claims and defenses are complex and recovery by any means other than settlement would require additional years of litigation. *See United States v. Glens Falls Newspapers, Inc.*, 160 F. 3d 853, 856 (2d Cir. 1998) (noting that "a principal function of a trial judge is to foster an atmosphere of open discussion among the parties' attorneys and representatives so that litigation

may be settled promptly and fairly so as to avoid the uncertainty, expense and delay inherent in a trial.").

In contrast, the Settlement provides immediate and substantial monetary benefits to the Settlement Class. As stated in *In re Shell Oil Refinery*, 155 F.R.D. 552 (E.D. La. 1993):

> The Court should consider the vagaries of litigation and compare the significance of immediate recovery by way of the compromise to the mere possibility of relief in the future, after protracted and expensive litigation. In this respect, "[i]t has been held proper to take the bird in the hand instead of a prospective flock in the bush."

*Id*. at 560 (alterations in original). Here, although the TCPA provides $500 per violation, the chances of the Class obtaining this amount was remote and would have required significant litigation with very real risks of zero or inconsistent recovery. Thus, and respectfully, Class Counsel submit that amount recovered is fair compromise and should be approved.

### c. The Factual Record is Sufficiently Developed to Enable Class Counsel to Make a Reasoned Judgment.

Courts also consider "the degree of case development that class counsel have accomplished prior to settlement" to ensure that "counsel had an adequate appreciation of the merits of the case before negotiating." *In re General Motors Corp. Pick-up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 813 (3d Cir. 1995). At the same time, "[t]he law is clear that early settlements are to be encouraged, and accordingly, only some reasonable amount of discovery should be required to make these determinations." *Ressler*, 822 F. Supp. at 1555.

Class Counsel negotiated the Settlement only after having conducted written discovery on both Defendant and SalesLoft. Furthermore, Plaintiff deposed a representative of both Defendant and SalesLoft prior to Mediation. Hiraldo Decl. ¶ 6.

Class Counsel also spent considerable time researching and briefing Defendant's numerous defenses. As such, Class Counsel's analysis and understanding of the legal obstacles positioned

8

them to evaluate the strengths and weaknesses of Plaintiff's claims and Defendant's defenses, as well as the range and amount of damages that were potentially recoverable if the Action proceeded to judgment on a class-wide basis.  Hiraldo Decl. ¶ 9.

### d.  Plaintiff and the Class Still Faced Significant Obstacles to Prevailing.

The "likelihood and extent of any recovery from the defendants absent . . . settlement" is another important factor in assessing the reasonableness of a settlement. *Domestic Air*, 148 F.R.D. at 314. Class Counsel believes that Plaintiff had a strong case against Defendant. Hiraldo Decl. ¶ 10.  Even so, Class Counsel are mindful that Defendant advanced significant defenses which Plaintiff would have had to overcome in the absence of the Settlement.  *Id*.  This Action involved several major litigation risks that loomed in the absence of settlement including, but not limited to, class certification, trial, as well as appellate review following a verdict.  *Id*. Apart from the risks, continued litigation would have involved substantial delay and expense, which further supports Final Approval. *Id.* at ¶ 11. The uncertainties and delays from this process would have been significant.  *Id*.

Given the myriad risks attending these claims, as well as the certainty of substantial delay and expense from ongoing litigation, the Settlement represents a fair compromise.  *See, e.g*., *Haynes v. Shoney's*, No. 89-30093-RV, 1993 U.S. Dist. LEXIS 749, at *16-17 (N.D. Fla. Jan. 25, 1993) ("The risks for all parties should this case go to trial would be substantial. …. It is possible that trial on the merits would result in … no relief for the class members. … Based on … the factual and legal obstacles facing both sides should this matter continue to trial, I am convinced that the settlement … is a fair and reasonable compromise.").

### e.    The Benefits Provided by the Settlement are Fair, Adequate, and Reasonable Compared to the Range of Possible Recovery.

In determining whether a settlement is fair given the potential range of recovery, the Court should be guided by "the fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair or inadequate." *Behrens v. Wometco Enters., Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988), *aff'd*, 899 F.2d 21 (11th Cir. 1990). Indeed, "[a] settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery." *Hanley v. Tampa Bay Sports & Entm't Ltd. Liab. Co.*, No. 8:19-CV-00550-CEH-CPT, 2020 U.S. Dist. LEXIS 89175, at *12 (M.D. Fla. Apr. 23, 2020) (quoting *id.*). "The Court's role is not to engage in a claim-by-claim, dollar-by-dollar evaluation, but to evaluate the proposed settlement in its totality." *Swaney v. Regions Bank*, No. 2:13-CV-00544-RDP, 2020 U.S. Dist. LEXIS 101215, at *8 (N.D. Ala. June 9, 2020) (quoting *Lipuma v. Am. Express Co.*, 406 F. Supp. 2d 1298, 1323 (S.D. Fla. 2005)).

Here, Class Counsel submits that the settlement is within the range of reasonableness for a TCPA class-action matter. Each Settlement Class Claimant who opts to participate in the settlement will receive $200.00. Settlement Class Members can continue to submit Claim Forms up and through August 12, 2021. Although each injured Settlement Class Member could have received $500.00 for each violative message received upon a successful verdict at trial, such a result was very uncertain. Thus, this Settlement provides a fair and reasonable recovery to Settlement Class Members when considering Defendant's defenses, as well as the challenging, unpredictable path of litigation that Plaintiff would otherwise have continued to face in the trial and appellate courts. Hiraldo Decl. ¶ 12.

Finally, courts throughout the country, including in this Circuit, have approved similar per-claim amounts in TCPA cases and recognized that these amounts are fair and reasonable given the

totality of the circumstances. For example, in a recent TCPA case in the Eleventh Circuit, the Court

granted final approval where each class member would receive $11.25 and stated,

> Here, the Court finds the Settlement provides a fair and reasonable recovery to
> Settlement Class Members. Each Settlement Class Claimant who opts to participate
> in the settlement will receive $11.25. Agreement at 13, Section II(B)(1). While the
> recovery achieved through the Settlement does not achieve a full recovery, the
> Settlement Fund is an excellent result when considering Defendant's defenses,
> Defendant's financial condition due to challenges imposed upon Defendant's
> business by the global pandemic, as well as the challenging, unpredictable path of
> litigation that Plaintiff would otherwise have continued to face in the trial and
> appellate courts.

*Jairam v. Colourpop Cosmetics, LLC,* No. 19-CV-62438-RAR, 2020 U.S. Dist. LEXIS 181656,

at *17-18 (S.D. Fla. Oct. 1, 2020); *see also Mahoney v. TT of Pine Ridge, Inc.,* No. 17-80029-CIV-

MIDDLEBROOKS, 2017 U.S. Dist. LEXIS 217470, at *23 (S.D. Fla. Nov. 17, 2017) (approving

claims made settlement whether claimants had options of "$4.00 cash award or a $15.00 voucher"

and stating "the Court agrees with the Parties that '[t]he proposed structure maximizes the total

amount available to the Settlement Class while simultaneously considering Defendant's immediate

ability to pay the class' (DE 52 at 15), and therefore the recovery by claimants is fair, adequate,

and reasonable."); *Couser v. Comenity Bank*, 125 F. Supp. 3d 1034 (S.D. Cal. 2015) (approving

settlement of $13.75 per class member.); *Wilkins v. HSBC Bank Nevada, N.A.*, 2015 U.S. Dist.

LEXIS 23869, 2015 WL 890566, at *3 (N.D. Ill. Feb. 27, 2015) (approving settlement of $2.95

per class member).

### f.    Class Counsel, the Plaintiff, and Absent Settlement Class Members Favor Approval.

Class Counsel strongly endorse the Settlement. Hiraldo Decl. ¶ 13.  The Court should give

"great weight to the recommendations of counsel for the parties, given their considerable

experience in this type of litigation." *Warren*, 693 F. Supp. at 1060; *see also Domestic Air*, 148

F.R.D. at 312-13 ("In determining whether to approve a proposed settlement, the Court is entitled

to rely upon the judgment of the parties' counsel. '[T]he trial judge, absent fraud, collusion, or the like, should be hesitant to substitute its own judgment for that of counsel.'") (citations omitted).

To date, no Settlement Class Member has objected to the Settlement. Hiraldo Decl. ¶ 14. This is another indication that the Settlement Class is clearly satisfied with the Settlement. Even if there were some objections, it is settled that "[a] small number of objectors from a plaintiff class of many thousands is strong evidence of a settlement's fairness and reasonableness." *Association for Disabled Americans v. Amoco Oil Co.*, 211 F.R.D. 457, 467 (S.D. Fla. 2002).

### 3.    *The Court Should Certify the Settlement Class.*

Plaintiff and Class Counsel respectfully request that the Court certify the Settlement Class. "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Certification under Rule 23(a) of the Federal Rules of Civil Procedure requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Under Rule 23(b)(3), certification is appropriate if the questions of law or fact common to the class members predominate over individual issues of law or fact and if a class action is superior to other available methods for the fair and adjudication of the controversy. For the purpose of considering a settlement, all of the factors are satisfied.

The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of approximately 3,876 individuals, and joinder of all such persons is impracticable. *See* Fed. R.

Civ. P. 23(a)(1); *Kilgo v. Bowman Trans.*, 789 F.2d 859, 878 (11th Cir. 1986) (numerosity satisfied where plaintiffs identified at least 31 class members "from a wide geographical area").

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of class wide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011) (citation omitted).  Here, the commonality requirement is satisfied.  There are multiple questions of law and fact – centering on Defendant's voicemail messaging program – that are common to the Settlement Class, that are alleged to have injured all Settlement Class Members in the same way, and that would generate common answers.

For similar reasons, Plaintiff's claims are coextensive with those of the absent Class Members, such that the Rule 23(a)(3) typicality requirement is satisfied. *See Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984) (typicality satisfied where claims "arise from the same event or pattern or practice and are based on the same legal theory"). Plaintiff is typical of absent Settlement Class Members because he received a prerecorded voicemail message and suffered the same injuries as them and because they will all benefit from the relief achieved.

Plaintiff and Class Counsel also satisfy the adequacy of representation requirement. Adequacy under Rule 23(a)(4) relates to (1) whether the proposed class representative has interests antagonistic to the class; and (2) whether the proposed class counsel has the competence to undertake this litigation. *Fabricant*, 202 F.R.D. at 314. The determinative factor "is the forthrightness and vigor with which the representative party can be expected to assert and defend the interests of the members of the class." *Lyons v. Georgia-Pacific Corp. Salaried Employees Ret. Plan*, 221 F.3d 1235, 1253 (11th Cir. 2000) (internal quotation marks omitted). Plaintiff's

interests are coextensive with, and not antagonistic to, the interests of the Settlement Class because Plaintiff and the absent Settlement Class Members have the same interest in the relief afforded by the Settlement and the absent Settlement Class Members have no diverging interests.  Further, Plaintiff and the Settlement Class are represented by Class Counsel who have experience prosecuting class actions.

Rule 23(b)(3) requires that "[c]ommon issues of fact and law . . . ha[ve] a direct impact on every class member's effort to establish liability that is more substantial than the impact of individualized issues in resolving the claim or claims of each class member." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc*., 601 F.3d 1159, 1170 (11th Cir. 2010) (internal quotation marks omitted).  Plaintiff readily satisfies the Rule 23(b)(3) predominance requirement because liability questions common to all Settlement Class Members substantially outweigh any possible issues that are individual to each Settlement Class Member.  The necessity for the Court to deal with any individual issues in the litigation context is also attenuated in the settlement context. Further, resolution of thousands of claims in one action is superior to individual lawsuits because it promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3). For these reasons, the Court should certify the Settlement Class.

Based on the foregoing, the Settlement is fair, adequate, and reasonable.

## IV.    APPLICATION FOR ATTORNEYS' FEES AND EXPENSES

Pursuant to the Agreement and the Notices, and consistent with recognized class-action practice and procedure and Eleventh Circuit precedent, Class Counsel respectfully request an award of attorneys' fees equal to $193,800.00, or 25% of the Settlement Fund. Class Counsel and Defendant negotiated and reached agreement regarding attorneys' fees and costs only after reaching agreement on all other material Settlement terms. Hiraldo Decl. at ¶ 5. The requested fee

is within the range of reason under the factors listed in *Camden I Condo. Ass'n. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991). For the reasons detailed herein, Class Counsel submit that the requested fee is appropriate, fair, and reasonable. Class Counsel respectfully request that it be approved by the Court.

A.   **The Law Awards Class Counsel Fees from the Common Fund Created Through Their Efforts.**

It is well established that when a representative party has conferred a benefit upon a class, counsel is entitled to attorneys' fees based upon the benefit obtained. *Camden I*, 946 F.2d at 771; *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The common benefit doctrine is an exception to the general rule that each party must bear its own litigation costs. The doctrine serves the "twin goals of removing a potential financial obstacle to a plaintiff's pursuit of a claim on behalf of a class and of equitably distributing the fees and costs of successful litigation among all who gained from the named plaintiff's efforts." *In re Gould Sec. Litig.*, 727 F. Supp. 1201, 1202 (N.D. Ill. 1989) (citation omitted). The common benefit doctrine stems from the premise that those who receive the benefit of a lawsuit without contributing to its costs are "unjustly enriched" at the expense of the successful litigant. *Van Gemert*, 444 U.S. at 478. As a result, the Supreme Court, the Eleventh Circuit, and courts in this Circuit have all recognized that "[a] litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is entitled to a reasonable attorney's fee from the fund as whole." *Sunbeam*, 176 F. Supp. 2d at 1333. Courts have also recognized that appropriate fee awards encourage redress for wrongs caused to entire classes of persons, and deter future misconduct of a similar nature.

In the Eleventh Circuit, class counsel are awarded a percentage of the total amount of funds made available through a settlement. In *Camden I* – the controlling authority regarding attorneys' fees in common-fund class actions – the Eleventh Circuit held that "the percentage of the fund

15

approach [as opposed to the lodestar approach] is the better reasoned in a common fund case. Henceforth in this circuit, attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I*, 946 F.2d at 774; *see also Carter v. Forjas*, 701 F. App'x 759, 766-67 (11th Cir. 2017) ("no case has held that a district court must consider only the actual payout in determining attorneys' fees.") (citing *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295 (11th Cir. 1999)); *Waters v. Int'l Precious Metals Corp.,* 190 F.3d 1291, 1297-98 (11th Cir. 1999) (rejecting argument that fees should be paid solely based on actual payout and stating, "even if we were to accept defendants' argument about the amount on which attorneys' fees should be based, the reversionary nature of the settlement necessarily would mean that 90% of the reduction in attorneys' fees would accrue to the benefit of the defendant[.]"); *Hanley v. Tampa Bay Sports & Entm't Ltd. Liab. Co.,* No. 8:19-CV-00550-CEH-CPT, 2020 U.S. Dist. LEXIS 89175, at *15 (M.D. Fla. Apr. 23, 2020) (noting that the percentage of the fund analysis applies to claims made settlements and that the "percentage applies to the total fund created, even where the actual payout following the claims process is lower."); *Hamilton v. SunTrust Mortg. Inc.*, No. 13-60749-CIV-COHN/SELTZER, 2014 U.S. Dist. LEXIS 154762, at *20 (S.D. Fla. Oct. 24, 2014) (attorneys representing a class action are entitled to an attorneys' fee based solely upon the total benefits obtained in or provided by a class settlement); *Saccoccio v. JP Morgan Chase Bank, N.A.*, 297 F.R.D. 683, 695 (S.D. Fla. 2014) (noting that in a claims made situation, the attorneys' fees in a class action are determined based upon the total fund made available and not just the amount claimed by the Class); *Wilson v. EverBank,* No. 14-CIV-22264-BLOOM/VALLE, 2016 U.S. Dist. LEXIS 15751, at *59-60 (S.D. Fla. Feb. 3, 2016) ("Where, as here, a claims-made process is a reasonable method for providing prompt and substantial relief to the class, requiring class members to file claim forms also maximizes the relief

available to class members who opt to submit a claim. A settlement's fairness is judged by the opportunity created for the class members, *not by how many submit claims.*") (emphasis in original) (quoting *Hamilton*, 2014 U.S. Dist. LEXIS 154762, 2014 WL 5419507, at *7).

The Court has discretion in determining the appropriate fee percentage. "There is no hard and fast rule mandating a certain percentage of a common fund which may be awarded as a fee because the amount of any fee must be determined upon the facts of each case." *Sunbeam*, 176 F. Supp. 2d at 1333 (quoting *Camden I*, 946 F.2d at 774). The Eleventh Circuit has provided a set of factors the Court should use to determine a reasonable percentage to award as an attorney's fee to class counsel in class actions:

    (1)     the time and labor required;

    (2)     the novelty and difficulty of the relevant questions;

    (3)     the skill required to properly carry out the legal services;

    (4)     the preclusion of other employment by the attorney as a result of his acceptance of the case;

    (5)     the customary fee;

    (6)     whether the fee is fixed or contingent;

    (7)     time limitations imposed by the clients or the circumstances;

    (8)     the results obtained, including the amount recovered for the Clients;

    (9)     the experience, reputation, and ability of the attorneys;

    (10)    the "undesirability" of the case;

    (11)    the nature and the length of the professional relationship with the clients; and

    (12)    fee awards in similar cases.

*Camden I*, 946 F.2d at 772 n.3 (citing factors originally set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

These 12 factors are guidelines and are not exclusive. "Other pertinent factors are the time required to reach a settlement, whether there are any substantial objections by class members or other parties to the settlement terms or the fees requested by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action." *Sunbeam*, 176 F. Supp. 2d at 1333 (quoting *Camden I*, 946 F.2d at 775). The Eleventh Circuit has "encouraged the lower courts to consider additional factors unique to the particular case." *Camden I*, 946 F.2d at 775. As applied, the factors support the requested fee.

### 1.      *The Claims Against Defendant Required Substantial Time and Labor.*

Prosecuting and settling these claims demanded considerable time and labor, making this fee request reasonable. Hiraldo Decl. ¶ 17. Class Counsel devoted substantial time to investigating the claims against Defendant and litigating the case, including substantial discovery. Hiraldo Decl. ¶ 19. Settlement negotiations consumed further time and resources. Hiraldo Decl. ¶ 20. Additionally, time was devoted to negotiating and drafting of the Agreement and the preliminary approval process, and to all actions required thereafter pursuant to the preliminary approval order. *Id.* This work consumed a substantial amount of time. All told, Class Counsel's coordinated work paid dividends for the Settlement Class. *Id.* at ¶ 21. Each of the above-described efforts was essential to achieving the Settlement before the Court. *Id.* Thus, Class Counsel respectfully submit that the time and resources devoted to this Action readily justify the requested fee.

### 2.      *The Issues Involved Were Novel and Difficult, and Required the Skill of Talented Attorneys.*

"[P]rosecution and management of a complex national class action requires unique legal skills and abilities." *Edmonds v. U.S.*, 658 F. Supp. 1126, 1137 (D.S.C. 1987). Class Counsel's

legal work conferred a benefit on the Settlement Class in the face of litigation obstacles and required the acquisition and analysis of factual and legal information.

In any given case, the skill of legal counsel should be commensurate with the novelty and complexity of the issues, as well as the skill of the opposing counsel.  Litigation of this Action required counsel trained in class action law and procedure as well as the specialized issues presented here, such as analyzing class certification. Hiraldo Decl. ¶ 22. Class Counsel's participation added value to the representation of this Settlement Class. *Id.*

In evaluating the quality of representation by Class Counsel, the Court should also consider opposing counsel.  *See Camden I*, 946 F.2d at 772 n.3; *Ressler*, 149 F.R.D. at 654.  Throughout the litigation, Defendant was represented by highly capable counsel that raised significant defenses and, and demonstrated by the docket in this matter, litigated vigorously.  Defendant's counsel was a worthy, competent adversary. Hiraldo Decl. ¶ 23; *Walco Invs. v. Thenen*, 975 F. Supp. 1468, 1472 (S.D. Fla. 1997) (stating that "[g]iven the quality of defense counsel from prominent national law firms, the Court is not confident that attorneys of lesser aptitude could have achieved similar results").

### 3.     *Class Counsel Achieved a Successful Result.*

Given the litigation risks Class Counsel faced, the Settlement represents a successful result. Rather than facing years of costly and uncertain litigation, each Settlement Class Member is entitled to claim a cash benefit of up to $200.00.  Hiraldo Decl. ¶ 24.  This result is successful given the totality of the circumstances present during settlement.

### 4.     *The Claims Presented Serious Risk.*

The Settlement is particularly noteworthy given the combined litigation risks.  Hiraldo Decl. ¶ 25. As discussed, Defendant raised meritorious defenses. Consideration of the "litigation

risks" factor under *Camden I* "recognizes that counsel should be rewarded for taking on a case from which other law firms shrunk.  Such aversion could be due to any number of things, including social opprobrium surrounding the parties, thorny factual circumstances, or the possible financial outcome of a case. All of this and more is enveloped by the term 'undesirable.'" *Sunbeam*, 176 F. Supp. 2d at 1336. Further, "[t]he point at which plaintiffs settle with defendants . . . is simply not relevant to determining the risks incurred by their counsel in agreeing to represent them." *Skelton v. General Motors Corp.*, 860 F.2d 250, 258 (7th Cir. 1988).

The Settlement Fund obtained through the Settlement is substantial, given the complexity of the litigation and the risks and barriers that loomed in the absence of Settlement. Any of these risks could easily have impeded, if not prevented, Plaintiff's and the Settlement Class' successful prosecution of these claims.

The recovery achieved by this Settlement must be measured against the fact that any recovery by Plaintiff and Settlement Class Members through continued litigation could only have been achieved if: (1) Plaintiff was able to establish liability and damages at trial; (2) the final judgment was affirmed on appeal; and (3) Defendant's financial situation allowed it to pay a judgment. The Settlement is a fair and reasonable recovery for the Settlement Class considering Defendant's various defenses, and the challenging and unpredictable path of litigation Plaintiff and the certified class would have faced absent the Settlement. Hiraldo Decl. ¶ 26.

> **5.**      ***Class Counsel Assumed Considerable Risk to Pursue This Action on a Pure Contingency Basis.***

In undertaking to prosecute this case on a contingent fee basis, Class Counsel assumed a risk of nonpayment or underpayment. Hiraldo Decl. ¶ 27. That very real risk warrants an

appropriate fee.  Indeed, "[a] contingency fee arrangement often justifies an increase in the award of attorney's fees." *Sunbeam*, 176 F. Supp. 2d at 1335 (quoting *Behrens*, 118 F.R.D. at 548).

Public policy concerns – in particular, ensuring the continued availability of capable counsel to represent classes of injured plaintiffs for small individual claims – support the requested fee.  Hiraldo Decl. ¶ 28.  The progress of the Action to date shows the inherent risk faced by Class Counsel in accepting and prosecuting the Action on a contingency fee basis. Despite Class Counsel's effort in litigating this Action, Class Counsel remain completely uncompensated for the time invested in the Action, including the expenses Class Counsel advanced. Hiraldo Decl. ¶ 29. There can be no dispute that this case entailed substantial risk of nonpayment for Class Counsel.

### 6.     *The Requested Fee Comports with Fees Awarded in Similar Cases.*

Counsel's requested fee of 25% of the Settlement Fund is within the range of fees typically awarded in similar cases. Hiraldo Decl. ¶ 30. Numerous decisions within and outside of the Southern District of Florida and the Eleventh Circuit have found that a 33.33% fee—significantly higher than requested here—is well within the range of reason under the factors listed by the *Camden I.  See Legg v. Laboratory Corp. of America*, 14-cv-61543-RLR, Dkt. 227, p.7 (S.D. Fla. Feb. 18, 2016) (FACTA case awarding one-third of gross recovery for attorneys' fees, plus expenses); *Gevaerts v. TD Bank, N.A.*, No. 11:14-cv-20744-RLR, 2015 U.S. Dist. LEXIS 150354, at *27 (S.D. Fla. Nov. 5, 2015) (finding that a request for 30% of a $20 million dollar fund is justified); *Wolff v. Cash 4 Titles*, No. 03-22778- CIV, 2012 WL 5290155, at *5-6 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide—roughly one-third.") (citing Circuit case law and listing Southern and Middle District of Florida attorneys' fees awards).

Class Counsel's fee request falls within the range of the private marketplace, where contingency fee arrangements often approach or equal forty percent of any recovery. *See Continental*, 962 F.2d at 572 ("The object in awarding a reasonable attorneys' fee . . . is to simulate the market."); *RJR Nabisco, Inc. Sec. Litig.*, Fed. Sec. L. Rep. (CCH) ¶ 94, 268 (S.D.N.Y. 1992) ("[W]hat should govern [fee] awards is . . . what the market pays in similar cases"). And, "[i]n tort suits, an attorney might receive one-third of whatever amount the Plaintiff recovers. In those cases, therefore, the fee is directly proportional to the recovery." *Blum v. Stenson*, 465 U.S. 886, 904 (1984) (Brennan, J., concurring).

Finally, Class Counsel's fee request also falls within the range of awards in TCPA cases within this Circuit and elsewhere. *See Gottlieb v. Citgo Petroleum Corp.*, No. 9:16-cv-81911, 2017 U.S. Dist. LEXIS 197382, at *7 (S.D. Fla. Nov. 29, 2017) (granting fees and costs amounting to one-third of the $8,000,000.00 settlement fund); *ABC Bartending School of Miami, Inc., v. American Chemicals & Equipment, Inc.*, No. 15-CV-23142-KMV (S.D. Fla. April 11, 2017) (granting fees and costs amounting to one-third of the $1,550,000.00 settlement fund); *Guarisma v. ADCAHB Med. Coverages, Inc.*, Case No. 1:13-cv-21016 (S.D. Fla. June 24, 2015) (granting fees and costs amounting to one-third of the $4,500,000.00 settlement fund).

Consequently, the attorneys' fee requested here, which is well below the cases cited about, is appropriate and should be awarded.

## V.   CONCLUSION

Plaintiff and Class Counsel respectfully request that this Court: (1) grant Final Approval to the Settlement and enter the proposed order attached as **Exhibit D**; (2) certify for settlement purposes the Settlement Class pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(e); (3) appoint Plaintiff as Class Representative; (4) appoint as Class Counsel the law firms and

attorneys listed in paragraph I of the Agreement; (5) award Class Counsel attorneys' fees in the amount of 25% of the Settlement Fund; and (6) enter Final Judgment dismissing the Action with prejudice.

## **LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1, I hereby certify that counsel for Plaintiff conferred with counsel for Defendant regarding the issues raised in this motion, and Defendant does not oppose the relief requested herein.

Dated: June 8, 2021

Respectfully submitted,


**HIRALDO P.A.**
*/s/Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Las Olas Boulevard
Suite 1400
Ft. Lauderdale, Florida 33301
Email: mhiraldo@hiraldolaw.com
Telephone: 954.400.4713
*Counsel for Plaintiff and the Class*

**EISENBAND LAW, P.A.**
*/s/Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092
*Counsel for Plaintiff and the Class*


## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 8, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

**EISENBAND LAW, P.A.**
*/s/Michael Eisenband*
Michael Eisenband
Florida Bar No. 94235
515 E. Las Olas Boulevard, Suite 120
Ft. Lauderdale, Florida 33301
Email: MEisenband@Eisenbandlaw.com
Telephone: 954.533.4092
*Counsel for Plaintiff and the Class*