United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Ron Von Paulus, Plaintiff ) <br> ) <br> v. ) <br> ) <br> Real Green Systems, LLC, ) <br> Defendant ) | Civil Action No. 20-23819-Civ-Scola |

**Order Granting Final Approval To
Class Action Settlement And Final Judgment**

On April 29, 2021, the Court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement and Release (the "Settlement Agreement") between Plaintiff Ron von Paulus ("Plaintiff"), on behalf of himself and all members of the Settlement Class,[1] and Real Green Systems, LLC ("Defendant" or "Real Green") (Plaintiff and Defendant collectively referred to as the "Parties"). The Court also provisionally certified the Settlement Class for settlement purposes, approved the procedure for giving Class Notice to the members of the Settlement Class, and set a Final Approval Hearing to take place on July 28, 2021.

On July 28, 2021, the Court held a duly noticed Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Plaintiff's Complaint on the merits and with prejudice in favor of Defendant and against all persons or entities who are Settlement Class Members herein who have not requested exclusion from the Settlement Class; and (3) whether and in what amount to award counsel for the Settlement Class as Attorneys' Fees. The Final Approval Hearing allowed for participation either in person or via Zoom, with Zoom credentials provided in advance of the hearing by public docket entry. Aside from counsel for the Parties, no other individuals participated in the Final Approval Hearing. As set forth below, the Court **grants** the Plaintiff's motion for final approval of class settlement. (**ECF No. 40**.)

**Now, therefore, it is hereby ordered that**:

**I.    Jurisdiction of the court**

1.    The Court has personal jurisdiction over the Parties and the Settlement Class Members, venue is proper, and the Court has subject matter

---

[1] Unless otherwise defined, capitalized terms herein have the definitions found in the Settlement Agreement.

jurisdiction to approve the Agreement, including all Exhibits thereto, and to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose.

2. The Settlement Agreement was negotiated by experienced counsel who were fully informed of the facts and circumstances of this litigation (the "Action") and of the strengths and weaknesses of their respective positions. The Settlement Agreement was reached after the Parties had engaged in extensive settlement discussions and after the exchange of information, including information about the size and scope of the Settlement Class. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

3. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for settlement purposes for each Settlement Class Member in that: (1) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (2) there are questions of law and fact common to the Settlement Class; (3) the claims of Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (4) Plaintiff has and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (5) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (6) the Settlement Class is ascertainable; and (7) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

## II.   Certification of settlement class

4. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement: "All persons within the United States who (1) were left a prerecorded voicemail message; (2) on their cellular telephone; (3) by or on behalf of Defendant; (4) using SalesLoft, Inc.'s software (5) from April 6, 2020 through October 7, 2020." Excluded from the Settlement Class are: (1) the district judge and magistrate judge presiding over this case, the judges of the U.S. Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; (2) individuals who are or were during the Class Period agents, directors, employees, officers, or servants of Defendant or of any affiliate or parent of Defendant; (3) Plaintiff's counsel and their employees; and (4) all persons who

file a timely and proper request to be excluded from the Settlement Class in accordance with Section III(D) of the Settlement Agreement.

### III.   Appointment of class representatives and class counsel

5.   The Court finally appoints Manuel S. Hiraldo of Hiraldo P.A and Michael Eisenband of Eisenband Law P.A. as Class Counsel for the Settlement Class.

6.   The Court finally designates Plaintiff Ron von Paulus as the Class Representative.

### IV.   Notice and claims process

7.   The Court makes the following findings on notice to the Settlement Class:

(a)   The Court finds that the distribution of the Class Notice, as provided for in the Settlement Agreement, (1) constituted the best practicable notice under the circumstances to Settlement Class Members; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing; (3) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (4) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

(b)   The Court finds that the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq* ("CAFA"), including all notice requirements therein, have been met.

### V.   Final approval of the class action settlement

8.   The Settlement Agreement is finally approved in all respects as fair, reasonable, and adequate. The terms and provisions of the Settlement Agreement, including all Exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members.

### VI.   Administration of the settlement

9.   The Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Administrator is directed to provide Claim Settlement Payments to those Settlement Class Members who submit valid, timely, and complete Claims.

10. The Court hereby approves Class Counsel's request for attorney fees, costs, and expenses, and awards Class Counsel $193,800.00 as reasonable attorneys' fees and costs, inclusive of the award of reasonable costs incurred in this Action, which consists of approximately 25% of the Settlement Fund, in the manner specified in the Settlement Agreement. The Court finds that the requested fees are reasonable under the percentage of the fund for the reasons set forth herein. The award of attorneys' fees and costs to Class Counsel shall be paid from the Settlement Fund within the time period and manner set forth in the Settlement Agreement.

11. The Court hereby awards Class Counsel for their time incurred and expenses advanced. The Court has concluded that: (1) Class Counsel achieved a favorable result for the Class by obtaining Defendant's agreement to make significant funds available to Settlement Class Members, subject to submission of valid claims by eligible Settlement Class Members; (2) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (3) Class Counsel prosecuted the Settlement Class's claims on a contingent-fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (4) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Settlement Class, in spite of Defendant's possible legal defenses and its experienced and capable counsel; (5) Class Counsel have standard contingent fee agreements with Plaintiff, who has reviewed the Settlement Agreement and been informed of Class Counsel's fee request and have approved; and (6) the Notice informed Settlement Class Members of the amount and nature of Class Counsel's fee and cost request under the Settlement Agreement, Class Counsel filed and posted their Petition in time for Settlement Class Members to make a meaningful decision whether to object to the Class Counsel's fee request, and **0 Settlement Class Member(s) objected**.

12. In addition, the Court has applied the factors articulated in *Camden I Condominium Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The Court finds and concludes that the following applicable factors support the requested award of attorneys' fees and costs:

    a. *Time and Labor Required, Preclusion from Other Employment and Time Limits Imposed*

The work required of Class Counsel was extensive. These efforts required work representing Plaintiff and the class without compensation. The substantial work necessitated by this case diverted Class Counsel from putting time and resources into other matters.

> b. *Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Was High*

This case involved difficult substantive issues which presented a significant risk of nonpayment, including uncertainty on class certification, contested issues, in a setting of developing case law and FCC rulings and recovery being dependent on a successful outcome, which was uncertain.

> c. *Class Counsel Achieved an Significant Result for the Settlement Class*

Class Counsel achieved significant monetary results for Settlement Class Members. Here, the Settlement required Defendant to make available up to **$775,200.00** for the Settlement Class and will produce a per person cash benefit that is well within the range of recoveries established by other court approved TCPA class action settlements. *See, e.g.*, *Spillman v. RPM Pizza, LLC*, Case No. 3:10-cv-00349, 2013 LEXIS 72947, at *17 (M.D. La. May 23, 2013).

> d. *The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases*

To determine attorneys' fees "in a case involving a class action settlement that created a reversionary common fund, [the Eleventh Circuit] held that 'attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class.'" *Poertner v. Gillette Co.*, 618 F. App'x 624, 628 (11th Cir. 2015). "The percentage applies to the total fund created, even where the actual payout following the claims process is lower." *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007) (citing *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295-96 (11th Cir. 1999)); *see also Montoya v. PNC Bank, N.A.*, No. 14-20474, 2016 U.S. Dist. LEXIS 50315, 2016 WL 1529902, *23 (S.D. Fla. Apr. 13, 2016) ("the valuation of counsel's fee should be based on the opportunity created for the Settlement Class ... [a]nd counsel should not be penalized for class members' failure to take advantage of such a settlement"); *see also Los Santos v. Millward Brown, Inc.*, No. 13-cv-80670-DPG, 2015 WL 11438497 (S.D. Fla. Sept. 11, 2015) (Gayles, J.) (Doc. Nos. 82, 84) (approving $2,750,000 in attorneys' fees where, at time Class Counsel moved for fees 7,599 class members had submitted claim forms for $50 each for a distribution totaling only $379,950). When determining counsels' fees in a common fund context, "no case has held that a district court must consider only the actual payout in determining attorneys' fees." *Carter v. Forjas Taurus, S.A.*, 701 Fed. Appx. 759, 767 (11th Cir. 2017) (citing *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1295 (11th Cir. 1999)). Various federal appellate courts, on the other hand, have ruled that it is an abuse of discretion to base fee awards only on the class members' claims made rather than a percentage of the entire fund available to

the class. *See Williams v. MGM-Pathe Comm's. Co.*, 129 F.3d 1026, 1027 (9th Cir. 1997) (reversing district court for basing fee award only on claimed portion of common fund); *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 437 (2d Cir. 2007) (same); *see also Boeing Co. v. Van Gemert*, 444 U.S. 472, 100 S. Ct. 745, 62 L. Ed. 2d 676 (1980). Although "[t]here is no hard and fast rule mandating a certain percentage of a common fund which may reasonably be awarded as a fee," *In re Sunbeam: Securities Litigation*, 176 F. Supp. 2d at 1333 (quoting *Camden I*, 946 F.2d at 774), an award of one-third of the common fund is "consistent with the trend in this Circuit." *Reyes*, No. 10-20837-CIV-MGC (Doc. No. 196 at 6); *see also Hanley v. Tampa Bay Sports & Entm't LLC*, No. 8:19-cv-00660-CEH, 2020 U.S. Dist. LEXIS 89175, *17 (M.D. Fla April 23, 2020) (finding that a fee award of more than "one-third benchmark, is reasonable" in a TCPA settlement which included a reversionary fund). Here, Class Counsel is awarded less than in these other cases—25%. This outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action. Class Counsel regularly engage in complex litigation involving consumer issues, all have been class counsel in numerous consumer class action cases.

        *e. This Case Required a High Level of Skill*

Class Counsel achieved a settlement that confers substantial monetary benefits to the Settlement Class despite the hard-fought litigation against a sophisticated and well-financed defendant represented by top-tier counsel. *See In re Sunbeam Sec. Litig.*, 176 F. Supp. 2d 1323, 1334 (S.D. Fla. 2001).

**VII. Release of claims**

13.    Upon entry of this Final Approval Order, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement shall, by operation of this Final Approval Order, have fully, finally and forever released, relinquished, and discharged Defendants and the Released Parties from the Released Claims as set forth in the Settlement Agreement

14.    Furthermore, all members of the Class who did not validly and timely submit Requests for Exclusion in the manner provided in the Agreement are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing, either directly or in any other capacity, either individually or as a class, any action or proceeding in any court, agency, arbitration, tribunal, or jurisdiction, asserting any claims released pursuant to the Settlement Agreement, or seeking an award of fees and costs of any kind or nature whatsoever and pursuant to any authority or theory whatsoever, relating to or

arising from the Action or that could have been brought in the Action and/or as a result of or in addition to those provided by the Settlement Agreement.

15. The terms of the Settlement Agreement and of this Final Approval Order, including all Exhibits thereto, shall be forever binding on, and shall have *res judicata* and preclusive effect in, all pending and future lawsuits maintained by Plaintiff and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

16. The Releases, which are set forth in Section V of the Settlement Agreement and which are also set forth below, are expressly incorporated herein in all respects and are effective as of the date of this Final Approval Order, and the Released Parties (as that term is defined below and in the Settlement Agreement) are forever released, relinquished, and discharged by the Releasing Persons (as that term is defined below and in the Settlement Agreement) from all Released Claims (as that term is defined below and in the Settlement Agreement).

(a) The Settlement Agreement and Releases do not affect the rights of Settlement Class Members who timely and properly submit a Request for Exclusion from the Settlement in accordance with the requirements in Section III(D) of the Settlement Agreement.

(b) The administration and consummation of the Settlement as embodied in the Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the Releases. The Court expressly retains jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

(c) The Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out), and the Released Parties shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s).

(d) The Releases shall not preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein and in the Settlement Agreement are not intended to include the release of any rights or duties of the Settling Parties arising out of the Settlement Agreement, including the express warranties and covenants contained therein.

18. Plaintiff and all Settlement Class Members who did not timely exclude themselves from the Settlement Class are, from this day forward, hereby permanently barred and enjoined from directly or indirectly (1)

asserting any Released Claims in any action or proceeding; (2) filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise), any lawsuit based on or relating to any of the Released Claims or the facts and circumstances relating thereto; or (3) organizing any Settlement Class Members into a separate class for purposes of pursuing as a purported class action any lawsuit (including by seeking to amend a pending complaint to include class allegations, or seeking class certification in a pending action) based on or relating to any of the Released Claims.

### VIII. No admission of liability

18. Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, nor this Final Approval Order, nor any of its terms and provisions, shall be:

(a) offered by any person or received against Defendants or any Released Party as evidence of, or construed as or deemed to be evidence of, any presumption, concession, or admission by Defendant of the truth of the facts alleged by any person, the validity of any claim that has been or could have been asserted in the Action or in any other litigation or judicial or administrative proceeding, the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing by Defendant or any Released Party;

(b) offered by any person or received against Defendant or any Released Party as evidence of a presumption, concession, or admission of any fault or violation of any law by Defendant or any Released Party; or

(c) offered by any person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission with respect to any liability, negligence, fault, or wrongdoing in any civil, criminal, or administrative action or proceeding.

### IX. Other provisions

20. This Final Approval Order and the Settlement Agreement (including the Exhibits thereto) may be filed in any action against or by any Released Party (as that term is defined herein and the Settlement Agreement) to support a defense of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

21. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement.

22.     In the event that the Effective Date does not occur, this Final Approval Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void. In the event that the Effective Date does not occur, the Settlement Agreement shall become null and void and be of no further force and effect, neither the Settlement Agreement nor the Court's Orders, including this Order, shall be used or referred to for any purpose whatsoever, and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification, including the right to argue that no class should be certified for any purpose, and with respect to any claims or allegations in this Action.

23.     This Action, including all individual claims and class claims presented herein, is hereby dismissed on the merits and with prejudice against Plaintiff and all other Settlement Class Members, without fees or costs to any party except as otherwise provided herein.

**Done and ordered**, in Miami, Florida, on July 28, 2021.

Robert N. Scola, Jr.
United States District Judge